# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CAROL T. B.[1],<br><br>                  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                  Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS**<br><br>Civil No. 1:17-cv-00126-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Ms. B., pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on September 13, 2018, the Court affirms the Commissioner's decision because substantial evidence supports it, and it lacks harmful legal error.

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. See Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as

---

[1] Pursuant to newly adopted best practices in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the Court will refer to the Plaintiff by her first name and last initial only in this Order.

1

adequate to support a conclusion." Id. (citation omitted). The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." Id. (citation omitted). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. See Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir. 1990).

## DISCUSSION

I. **Background**

Ms. B. applied for benefits in October 2013, alleging disability beginning that same month (ECF No. 11, Tr. 152–53, the certified copy of the transcript of the entire record of the administrative proceedings relating to Connie B. ("Tr. __")). She claimed she was unable to work due to mental impairments, including depression, anxiety, and panic attacks (Tr. 51-60, 172.) Ms. B. completed high school and had past relevant work as a retail store assistant manager, retail store department manager, and photo finishing lab worker. (Tr. 67, 69, 154-61, 164-65, 173.)

After a hearing (Tr. 35-75), an administrative law judge (ALJ) found that Ms. B. was not disabled in a February 2016 decision. (Tr. 16-30.) The ALJ followed the familiar five-step sequential evaluation for assessing disability. See generally 20 C.F.R. § 404.1520(a)(4) (outlining the process). As relevant here, the ALJ found that Ms. B. had severe mental impairments—major depression, recurrent, moderate, and anxiety disorder not otherwise specified—but that her medical conditions did not meet or equal the criteria of the disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app'x 1 (Tr. 18-22.) The ALJ next determined that Ms. B. retained the residual functional capacity ("RFC") to perform the full range of simple, unskilled work. (Tr. 22–28.) Considering this RFC, and consistent with vocational expert testimony, the ALJ found that Ms. B.

2

could not perform her past relevant work but could perform other jobs existing in significant numbers in the national economy. (Tr. 28–30, 70–73.) Hence, the ALJ concluded that Ms. B. was not disabled under the strict standards of the Act. (Tr. 30.)

The Appeals Council later denied Ms. B.'s request for review (Tr. 1–4), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. §§ 404.981, 422.210(a).[2] This appeal followed.

## II. Analysis

Ms. B. argues that the ALJ's decision was not supported by substantial evidence, asserting that the ALJ erred in discounting an opinion from her treating psychologist, Chris Fletcher, Ph.D. In a November 2013 medical source statement, Dr. Fletcher opined that Ms. B. had significantly distorted, pessimistic, catastrophic, and paranoid thinking and displayed chronic suicidal ideation with poor insight. (Tr. 311-12.) He also opined that Ms. B. had significant limitations ("Obvious," "Serious," and "Very Serious" problems) in activities of daily living, social interactions, and task performance. (Tr. 311-13.)

The ALJ discounted Dr. Fletcher's opinion, finding it inconsistent with evidence of record that Ms. B.'s mental impairments improved with medication and that she had intact memory, attention, orientation, and concentration, with no psychotic perceptions.

---

[2] All Code of Federal Regulations (C.F.R.) citations are to the 2016 edition of 20 C.F.R. Part 404, which was in effect at the time of the ALJ's decision and which governs claims for DIB. The agency significantly amended the regulations governing medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (final rules). However, because Ms. B. filed her application in 2013, the prior regulations and Social Security Rulings (SSRs) control.

3

(Tr. 27.) See 20 C.F.R. § 404.1527(c)(4) (an ALJ may give less weight to a medical source opinion that is inconsistent with other substantial evidence of record). The ALJ also found that Dr. Fletcher's contemporaneous examination findings did not include objective medical evidence that would support his opinion that Ms. B. had significant mental limitations. (Tr. 27.) See 20 C.F.R. § 404.1527(c)(3) (stating an ALJ may give less weight to a medical source opinion that is not supported by "relevant evidence . . . , particularly medical signs and laboratory findings").

Ms. B. argues that although there are six regulatory factors for weighing opinion evidence (see 20 C.F.R. § 404.1527(c)(1)-(6)), the ALJ erred by only discussing two of those factors—supportability and consistency—in assessing Dr. Fletcher's opinion. However, not every factor applies to every case and an ALJ is not required to "apply expressly" each factor. See Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007). Here, the ALJ provided a thorough discussion in support of good reasons for discounting Dr. Fletcher's opinion (Tr. 27), and those reasons are supported by substantial evidence.

For example, substantial evidence supports the ALJ's finding that Dr. Fletcher's opinion was inconsistent with other substantial evidence of record. (Tr. 27.) See 20 C.F.R. § 404.1527(c)(4) (discussing the factor of consistency). The ALJ cited to evidence of record supporting this finding, including other providers' observations that Ms. B.'s depression and anxiety symptoms responded well to medication changes and their objective examination findings showing that Ms. B. had intact memory, attention, orientation, and concentration, with no psychotic perceptions. (Tr. 27 (citing Tr. 451,

4

454, 458, 461, 465, 470, 476, 479, 483, 491, 496, 501, 505, 508, 511, 525, 531, 534, 545.))

Likewise, substantial evidence supports the ALJ's finding that Dr. Fletcher's opinion lacked objective medical support from his treatment notes. (Tr. 27.) See 20 C.F.R. § 404.1527(c)(3) (discussing the factor of supportability). As the ALJ found, Dr. Fletcher's treatment notes from at and before the time of his November 2013 opinion do not include objective medical findings that support his extreme analysis, such as his opinion that Ms. B. had significantly distorted, pessimistic, catastrophic, and paranoid thinking and displayed chronic suicidal ideation with poor insight or that Ms. B. had extreme limitations in activities of daily living, social functioning, and task performance. (Tr. 27 (comparing Tr. 311-13 with Tr. 239, 259, 315, 319, 321, 323, 325, 327.))

These findings adequately demonstrate that the ALJ gave little weight to Dr. Fletcher's opinion, even though the ALJ did not explicitly state that was the weight he had assigned to that opinion (beyond finding that he would not give it "controlling weight") (Tr. 27.) The ALJ's decision makes it apparent that he gave little weight to Dr. Fletcher's opinion, and the Court can discern the reasoning underlying the ALJ's determination. (Tr. 27.) Nothing more was required. See Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (stating the ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight"); accord Oceguera v. Colvin, 658 F. App'x 370, 374 (10th

Cir. 2016) (unpublished) ("Though the ALJ did not expressly state the weight she gave to Dr. Klein's opinion, her language makes clear that she accorded it little to no weight. . . . Because we can ascertain the weight given and the reasons for that weight, we think the ALJ was 'sufficiently specific' in her discussion of Dr. Klein's opinion.").

The ALJ's findings about Dr. Fletcher's opinion are supported by substantial evidence: "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). In such circumstances, the Court will not reweigh the evidence of record, even if it would have come to a different conclusion. See Lax, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (citation and quotation omitted)).

## CONCLUSION

The ALJ's decision is supported by substantial evidence and is free of harmful legal error, and is therefore AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in Shalala v. Schaefer, 509 U.S. 292, 296-304 (1993).

DATED this 28th day of September, 2018.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge